**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

**DANIEL RICHARD ZALES**                                                              **PLAINTIFF**

**V.**                                                              **CAUSE NO. 3:16-CV-561-CWR-JCG**

**PELICIA HALL**                                                              **DEFENDANT**


**ORDER ADOPTING REPORT AND RECOMMENDATION**

Before the Court is the Report and Recommendation of United States Magistrate Judge

John C. Gargiulo. Docket No. 34. Judge Gargiulo recommends that Daniel Zales's 28 U.S.C. §

2254 petition for Writ of Habeas Corpus be denied. *Id*. Zales objects to the Report and

Recommendation.[1] Docket No. 38. Having fully reviewed the Report and Recommendation and

Zales's objections, the Court concludes that the Report and Recommendation is legally correct,

and therefore overrules Zales's objection.

Zales was convicted under Mississippi Code § 97-21-59 for uttering a counterfeit

instrument. The statute states:

> Every person who shall be convicted of having uttered or published as true, and
> *with intent to defraud*, any forged, altered, or counterfeit instrument, or any
> counterfeit gold or silver coin, the forgery, altering, or counterfeiting of which is
> declared by the provisions of this chapter to be an offense, knowing such instrument
> or coin to be forged, altered, or counterfeited, shall suffer the punishment herein
> provided for forgery, pursuant to Section 97-21-33.

Miss. Code. Ann. § 97-21-59 (emphasis added).

Zales has five objections to the Report and Recommendation:

1. Zales's plea was not knowing, intelligent, and voluntary because he was not
   informed by the Court, defense counsel, or prosecutor that § 97-21-59 contains an
   element of intent.
2. The prosecutor failed to proffer an adequate factual basis for the Court to find that
   Zales's conduct fell within the criminal statute.

---

[1] Zales also filed two requests for an extension of time to file his objections. Those two motions are granted.

3. Defense counsel failed to disclose and explain the elements of the charged offense to Zales.
4. Zales and the government entered into a contract when he agreed to take an *Alford* plea.[2] When the Court asked Zales to incriminate himself, that contract was broken and Zales's Fifth Amendment right against self-incrimination was violated. Further, the Court never explained the true meaning of an *Alford* plea to Zales.
5. Ground Four of his habeas petition was properly exhausted.

Zales's objections are best summarized by his own words. Zales's "[habeas petition] hinges on whether [he] was informed of and if he received a real notice of the required essential element of 'intent to defraud.'" Docket No. 38 at 3. He claims no court has addressed this specific objection, so this Court will address it now.

"If a defendant understands the charges against him, understands the consequences of a guilty plea, and voluntarily chooses to plead guilty, without being coerced to do so, the guilty plea and any concomitant agreement will be upheld on federal review." *Frank v. Blackburn,* 646 F.2d 873, 882 (5th Cir.), *modified on other grounds,* 646 F.2d 902 (5th Cir. 1981).

Zales relies on *Henderson v. Morgan* to support his position. 426 U.S. 637 (1976). In *Henderson*, the Supreme Court held that because the defendant was not informed that intent was an essential element of the crime to which he pled, his plea was not voluntary. *Id*. at 647. "The *Henderson* Court did not purport, however, to lay down an absolute requirement that the technical elements of an offense be recited to a defendant. A plea will be upheld if it is shown by the record, or the evidence adduced at an evidentiary hearing, that a defendant understood the charge and its consequences when he pled guilty." *DeVille v. Whitley*, 21 F.3d 654, 657 (5th Cir. 1994).

As the Magistrate's Report and Recommendation references, the trial judge asked Zales if he "[p]resented as true to Tracy Murray, Circuit Clerk, Kemper County, a certificate of marriage *knowing that* . . . Dean Stedman, an ordained minister . . . was not a genuine signature thereon."

---

[2] A defendant entering an *Alford* plea pleads guilty but affirmatively protests his factual innocence to the charged offense. *North Carolina v. Alford,* 400 U.S. 25, 31 (1970).

Docket No. 34 at 14 (emphasis added). Zales responded that he had. Stated differently, Zales agreed with the trial judge that he gave the clerk a document, which he knew contained a fraudulent signature. This satisfies the element of intent. *See Duhart v. State*, 927 So. 2d 768, 775 (Miss. Ct. App. 2006) ("Lastly, as to the question of intent, if [defendant] [presented the check] with knowledge of the forgery, this necessarily means that he did so with intent to defraud.").

Furthermore, the Mississippi Court of Appeals found there was evidence that Zales forged the signature on the marriage certificate himself.[3] The Court of Appeals noted that the prosecutor told the trial judge there would be testimony from a witness who saw Zales sign the marriage certificate with a fraudulent name before he presented it to the clerk. *See Zales v. State*, 194 So. 3d 182, 187 (Miss. Ct. App. 2015). As such, the Court of Appeals held there was a sufficient factual basis for the plea. *Id*. This Court comes to the same conclusion.

In regards to Zales's remaining objections, the Court finds that the Report and Recommendation adequately applies the law regarding the remaining grounds of his petition. Therefore, the Magistrate Judge's Report and Recommendation is adopted fully as this Court's Order. Accordingly, it is ordered that Plaintiff's writ of habeas corpus be denied and dismissed with prejudice. A separate Final Judgment shall issue this day. No Certificate of Appealability shall issue.

**SO ORDERED**, this the 8th day of March, 2019.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE

---

[3] A habeas petition challenging the sufficiency of evidence will be granted only if the evidence, when viewed in the light most favorable to the State, is such that no reasonable fact finder "could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979).